United States District Court
Southern District of Texas
ENTERED
SEP - 9 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
SEP 08 1998
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | |
|---|---|
| JAIME GARZA,<br>Petitioner,<br><br>VS.<br><br>JAMES A. COLLINS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondents. | § § § § § § § § § § § | CIVIL ACTIONS NO. B-93-080<br><br>CONSOLIDATED WITH B-95-132 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jaime Garza ("Garza") has filed two applications for habeas corpus pursuant to 28 U.S.C. § 2254. The first is Cause No. B-93-80, the second Cause No. B-95-132. By order entered on September 27, 1995, these were consolidated. On June 6, 1997, there was an evidentiary hearing in this case. Subsequently, the State of Texas filed a Motion for Summary Judgement, which for the reasons set forth below should be granted.

### BACKGROUND

On December 14, 1983, Garza was sentenced to sixty years confinement in the Texas Department of Criminal Justice ("TDCJ") following a jury trial which resulted in his conviction for aggravated robbery. He appealed his conviction which was affirmed on by the Thirteenth Court of Appeals. He filed two state habeas applications, both of which were denied without written opinion.

The incident which gave rise to this case occurred when two individuals, Curtis Vaughn ("Vaughn") and Elifonso Lopez ("Lopez") were trying to sell a car. They located "El Poppies" Tovar ("Tovar") who in turn introduced them to Garza. Garza brokered a deal to sell the car for $500.00.

The purchaser needed time to get the money. During the wait, while driving around, Vaughn and Lopez decided to take the car to Mexico and sell it. Tovar and Garza attacked Vaughn and Lopez and took the car.

## THE § 2254 PETITION

Garza claims that his trial counsel was ineffective. His petition and his presentation at the evidentiary hearing is a litany of complaints about his lawyer and the trial judge. These complaints, summarized by the State in its Motion, are:

1. He received ineffective assistance from his trial counsel because:

    a. Counsel did not investigate the available defense, namely that the car was already stolen so the victims of the robbery did not have a greater right of possession.

    b. Counsel did not investigate the blood on Garza's shirt to demonstrate that it did not match the complainant, and counsel did not show that the knife did not have the victim's blood or Garza's fingerprints on it.

    c. Counsel allowed Garza to testify, thereby exposing him to cross examination regarding his prior felony convictions.

2. He was denied a fair and impartial trial because the judge informed the jury that he was guilt before the trial.

3. The judge was prejudiced against him because of another offense that he had committed.

4. The judge, instead of the prosecutor, informed the jury of the charges against him.

5. The trial court gave a prejudicial hypothetical regarding a lawnmower during voir dire.

6. The trial court was prejudiced and should have been disqualified.

7. The trial court commented on the weight of the evidence.

8. He was sentenced on the basis of false information.

2

    9.    He received ineffective assistance of counsel because counsel did not object to the trial court's improper action.

## DISCUSSION AND RECOMMENDATION

Garza's attorney, Mike McNamara ("McNamara") testified at the evidentiary hearing held on June 6, 1997. He had no recollection of Garza's case and testified that Garza's file had been destroyed years before.

However, the essence of Garza's complaint is that McNamara should have argued that Garza could not have been guilty of robbery because the car he stole was already stolen. This is ludicrous. Under Texas law theft can be from a person who has possession even though unlawful. Tex. Penal Code Ann. § 1.07(35). The jury was instructed that owner included those with possession. (Transcript pp. 11-12)

Garza is critical of his attorney's decision to have Garza testify in his own defense. Garza's record was thus exposed to the jury. This case presented McNamara the classic Hobson's choice: don't call Garza and have the jury hear only one side, the complainants; or call Garza and have the jury be made aware of his record. McNamara did the only thing he could do. He called Garza, hoping that his story would be more believable than the complainants. It wasn't.

McNamara's conduct during the trial was more than adequate given the impossible situation Garza was in. Garza cannot show that his counsel's conduct was ineffective. He fails to meet the first part of the *Strickland v. Washington*, 466 U.S. 668 (1984) test.

Garza complains in several different ways that the trial judge was prejudiced.[1]

---

[1] Garza's complaints against the trial judge are found in his habeas filed in cause No B-95-132. He argues that the judge in effect instructed the jury that he was guilty, and that the trial judge improperly considered a case which was later dismissed in sentencing Garza.

3

A review of the Statement of Facts in this case (S.F. Vol. II pp. 3-10) when read in its entirety shows that the trial judge explained the charges to the jury panel and fully informed the panel about the presumption of innocence. Garza's complaints are meritless. He has taken bits and pieces of the judge's comments out of context.

Garza also complains that the trial judge used a charge which was later dismissed to increase the level of his punishment. The charge, referred to in the Statement of Facts as "the Leonard Colony robbery" was mentioned by the trial court, (S.F. Vol. IV pp. 3-6). However, Garza admitted at his sentencing hearing that he had three prior felony convictions. Garza's sentence of sixty years was well within the punishment range permissible under state law. Tex. Penal Code Ann. § 12.42. He could have received life for the aggravated robbery charge, independent of his other convictions. Tex. Penal Code Ann. § 12.32; § 29.03.

His complaints are without merit.

At the evidentiary hearing held on June 7, 1997, Garza mentioned two additional complaints he had with respect to his conviction and sentence. Garza alleged that his confession was coerced because the police threatened to have his girlfriend's children removed from her if he did not confess. He claims McNamara was ineffective in failing to investigate this claim. This claim was never mentioned at trial during the appeal, during Garza's two state habeas applications nor in his two federal applications. This court finds based on observation of Garza that he is not to be believed. Additionally, these claims are not exhausted and in all probability would be considered procedurally barred. *Nichols v. Scott*, 69 F.3d 1255, 1280 (5th Cir. 1995).

Garza also faulted his attorney for not determining his blood type, so that the state's evidence concerning blood on the victim's shirt could be challenged. During the trial, a chemist testified as to

4

studies he had done on various items of clothing. (S.F. Vol. II pp. 150-155) The chemist's testimony was that he found evidence which led to the conclusion that there was type O blood and antigens which would be consistent with A, B or AB. Garza testified at the hearing that he was type A.

During cross examination by McNamara, the chemist admitted he had not gotten blood samples from anyone involved. Garza's complaint is not understandable. If his blood type had been determined at trial, it would merely have shown that he had one of the types found. The court takes judicial notice of the fact that the types found would cover the entire human race. This is another non issue raised by Garza.

Garza's petition is totally without merit.

IT IS THEREFORE **RECOMMENDED** that the State's Motion to Dismiss should be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Jaime Garza's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of September 1998.

John Wm. Black
United States Magistrate Judge

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAIME GARZA,<br>　　Petitioner, | §<br>§<br>§ | |
| | § | CIVIL ACTIONS NO. B-93-080 |
| VS. | §<br>§ | CONSOLIDATED WITH B-95-132 |
| | § | |
| JAMES A. COLLINS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>　　Respondents. | §<br>§<br>§<br>§ | |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION AND DISMISSING PETITION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 8, 1998, should be **ADOPTED** and the petition be **DISMISSED**.

DONE in Brownsville, Texas, on this _____ day of _____1998.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Filemon B. Vela
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge